1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WICKENS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>Blue Cross of California, Inc., d/b/a Anthem Blue Cross; Anthem Blue Cross Life and Health Insurance Company,<br><br>Defendants. | CASE NO. 15cv834-GPC(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO STAY AS MOOT AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT**<br><br>[Dkt. Nos. 8, 11.] |

Before the Court is Plaintiff's motion to remand to state court. (Dkt. No. 8.) Also, before the Court is Defendants' motion to stay, or in the alternative, for an extension of time to respond pending ruling on § 1407 transfer motion. (Dkt. No. 11.)

Based on the briefs, supporting documentation, and the applicable law, the Court DENIES Plaintiff's motion to remand, and DENIES Defendants' motion to stay as moot. The Court also GRANTS Plaintiff leave to file an amended complaint.

## Background

On March 16, 2015, Plaintiff Steven Wickens ("Plaintiff") filed a class action complaint against Defendants Blue Cross of California Inc., d/b/a Anthem Blue Cross; and Anthem Blue Cross Life and Health Insurance Company in San Diego Superior Court for state law causes of action based on Defendants' failure to secure and

1    safeguard Plaintiff's personal identifying information ("PII").

2          According to the complaint, on February 4, 2015, Anthem, Inc., a related entity,

3    announced that cyber hackers had gained unauthorized access to its information

4    technology system exposing the name, personal information, birthday, Social Security

5    number, health care ID number, income data, employment data, street address, email

6    address, and other personal details of about 80 million current and former customers

7    and employees. (Dkt. No. 1-2, Compl. ¶ 4.)  The class action complaint alleges causes

8    of action for breach of contract, violation of the California Records Act, violation of

9    the California unfair competition laws, negligence, invasion of privacy, public

10   disclosure of private facts and unjust enrichment.  (Dkt. No. 1-2, Compl.)

11         On April 15, 2015, Defendants removed the case to this Court under the Class

12   Action Fairness Act, ("CAFA").  (Dkt. No. 1, Notice of Removal at  6.)  On April 24,

13   2015, the case was transferred to the undersigned judge pursuant to the low number

14   rule. See Local Civ. R. 40.1.  (Dkt. No. 7.)  On May 5, 2015, Plaintiff filed a motion

15   to remand. (Dkt. No. 8.)  Defendants filed an opposition on May 22, 2015.  (Dkt. No.

16   15.)  Plaintiff filed a reply on May 29, 2015.  (Dkt. No. 18.)  On May 7, 2015,

17   Defendants filed a motion to stay, or in the alternative, for an extension of time to

18   respond pending ruling on 28 U.S.C. § 1407[1] transfer motion. (Dkt. No. 11.)  Plaintiff

19   filed an opposition on May 22, 2015.  (Dkt. No. 14.)  Defendants filed a reply on May

20   29, 2015.  (Dkt. No. 19.)

21         During the pendency of these motions, on June 8, 2015, the United States

22   Judicial Panel on Multidistrict Litigation ("JPML") in the case of In Re: Anthem, Inc.

23   Customer Data Security Breach Litigation transferred 16 cases to the United States

24   District Court for the Northern District of California and assigned the case to District

25

26   [1]28 U.S.C. § 1407 provides in relevant parts, "(a) When civil actions involving
     one or more common questions of fact are pending in different districts, such actions
     may be transferred to any district for coordinated or consolidated pretrial proceedings.
27   Such transfers shall be made by the judicial panel on multidistrict litigation authorized
     by this section upon its determination that transfers for such proceedings will be for the
28   convenience of parties and witnesses and will promote the just and efficient conduct
     of such actions." 28 U.S.C. § 1407.

[15cv834-GPC(JMA)]

1  Judge Lucy H. Koh for coordinated or consolidated  pretrial proceedings pursuant to

2  28 U.S.C. § 1407.  (MDL Case No. 2617, Dkt. No. 262.)  On June 9, 2015, the JPML

3  issued a conditional transfer order that included this case.  (MDL Case No. 2617, Dkt.

4  No. 263.)  Pursuant to the Rules of Procedure of the United States Judicial Panel on

5  Multidistrict Litigation, the conditional order is stayed for a period seven days to allow

6  parties to file an opposition.  R. Proc. Jud. Panel Multi. Litig. 7.1(c).  On June 16, 2015,

7  Plaintiff filed a timely opposition, which triggered a briefing schedule.  (MDL Case

8  No. 2617, Dkt. Nos. 274, 275.)

9         The JPML's Rules of Procedure provide that:

10         The pendency of a motion, order to show cause, conditional transfer
       order or conditional remand order before the Panel pursuant to 28
11         U.S.C. § 1407 does not affect or suspend orders and pretrial
       proceedings in any pending federal district court action and does not
12         limit the pretrial jurisdiction of that court. A transfer or remand
       pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing
13         with the clerk of the transferee district court.

14  R. Proc. Jud. Panel Multi. Litig. 2.1(d).  A "district judge should not automatically stay

15  discovery, postpone rulings on pending motions, or generally suspend further rulings

16  upon a parties' [sic] motion to the MDL Panel for transfer and consolidation."  Rivers

17  v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Therefore, since the

18  conditional transfer order is still pending on this case, the Court has jurisdiction to

19  consider the motion to remand.

20  **A.     Which Court Determines Motion to Remand**

21         The parties disagree whether this Court or the MDL Court should rule on the

22  motion to remand.  Defendants argue that the motion to remand should be deferred for

23  consideration by the JPML once transferred.  They contend that these issues are not

24  unique and have been raised in other removal cases in four other actions and therefore

25  consistency, uniformity and predictability in rulings mandate that the JPML decide the

26  motion to remand.  Plaintiff contends that this Court should rule on the motion to

27  remand because this court must address threshold issues of subject matter jurisdiction

28  before a motion to stay.

1    Generally a court may not rule on the merits of a case without first determining

2  whether it has subject matter jurisdiction over the case.  Sinochem Int'l Co. Ltd. v.

3  Malaysia Int'l Shipping Corp., 549 U.S. 422, 425 (2007) (court has discretion to rule

4  on forum non conveniens prior to subject matter jurisdiction since it is a nonmerits

5  issue); Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008).  However, there is no

6  "mandatory 'sequencing of jurisdictional issues.'"  Sinochem Int'l Co. Ltd., 549 U.S.

7  at 431. Federal courts have leeway to decide which threshold grounds "for denying

8  audience to a case on the merits."  Id.  (quoting Ruhrgas AG v. Marathon Oil Co., 526

9  U.S. 574, 585 (1999)).  Since multi-litigation cases involve considerations of "judicial

10  economy and consistency", motions to stay may be considered before remand motions.

11  See Pacific Inv. Mgmt. Co. LLC v. American Int'l Group, Inc., No. SA CV 15-687-

12  DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015).  Moreover, the JPML has

13  held that a district judge has the discretion to address a motion to remand or decline to

14  rule on the motion to remand and wait for a transfer order.  In re Asbestos Products

15  Liability Litigation, 170 F. Supp. 2d 1348, 1349 n. 1 (Jud. Pan. Mult. Lit. 2001).

16    District courts in the Ninth Circuit have resolved this issue differently in JPML

17  cases.  Ramirez v. Our Lady of Lourdes Hosp. at Pasco, No. 1:13cv1108-RSM, 2013

18  WL 5373213, at *2 (W.D. Wash. Sept. 25, 2013) (citing cases and ultimately deciding

19  to address jurisdictional issue before motion to stay).  When motions to stay and to

20  remand are pending, "deference to the MDL court for resolution of a motion to remand

21  often provides the opportunity for the uniformity, consistency, and predictability in

22  litigation that underlies the MDL system."  Conroy v. Fresh Del Monte Produce, Inc.,

23  325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).  (citation and internal quotation marks

24  omitted). In deciding whether to rule on the motion to remand, "courts consider

25  whether the motion raises issues likely to arise in other actions pending in the MDL

26  transferee court."  Id.

27    In Freisthler, the court granted a stay pending the MDL's panels' transfer

28  determination in light of a motion to remand.  Freisthler v. DePuy Orthopaedics, Inc.,

- 4 -                    [15cv834-GPC(JMA)]

No. CV 11-6580 DSF(FFMx), 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011). The court explained that the issues in the plaintiff's motion to remand are "likely to arise in other actions pending in the MDL transferee court." Id. at 2.  Among the 23 cases that were removed from state courts, in three cases, the plaintiffs moved for remand, and in 11 cases, the plaintiffs stipulated to a stay in exchange for an extension of time to file a remand motion in the MDL proceedings. Id. at 2.  Therefore, since 14 cases involving remand issues were to be considered by the MDL and where in 2 of the cases the specific remand at issue was also raised, the court granted defendant's motion to stay. Id. at 2-3.

According to Defendants, there are 98 similar lawsuits in the country. (Dkt. No. 1, Notice of Removal ¶ 4.)   90 cases have been filed in various United States District Courts; 33 of those cases have been filed in the Southern District of Indiana; and 7 cases have been filed in the Southern District of California.  (Id.)  Eight cases have been filed in state court, including two cases in San Diego Superior Court, which have been removed to federal court.  (Id.)

In their brief, Defendants assert that the issue of remand has been raised in four cases filed against Anthem subsidiaries. See Vasquez v. Blue Cross of California, No. 15-cv-02055 (C.D. Cal.); Sabatino, et al v. HMO Missouri, Inc., et al, No. 15-cv-00575 (E.D. Mo.); Noble, et al v. RightChoiceManaged Care, Inc., et al, No. 15-cv-00626 (E.D. Mo.); and Stanturf v. Amerigroup Corporation, No. 15-cv-07933 (Dist. Ks.).

Defendants rely on Vasquez to support their position.  In Vasquez v. Blue Cross of California, Case No. 15cv2055-MWF(AGRx) (C.D. Cal. May 5, 2015), the district court denied the plaintiff's motion to remand because it concluded that the court had subject matter jurisdiction. (Dkt. No. 15-1, Ds' Opp, Ex. A.)  Defendants' argument concerning the importance of Vasquez is misplaced.  The district court in Vasquez made a determination on subject matter jurisdiction and denied the motion to remand after conducting an analysis of the CAFA requirements. Therefore, issue of remand will not be addressed by the JPML.

1    In <u>Sabatino</u>, the motion to remand raised issues, among other things, concerning

2   minimal diversity. (Case No. 15cv575, Dkt. No. 15 (E.D. Mo.).)  While the motion is

3   fully briefed, the district court has not yet ruled on this motion.  (<u>Id.</u>)  In <u>Noble</u>, the

4   motion to remand did not raise the issue of minimal diversity but the issue raised was

5   the amount in controversy and the home-state exception under CAFA.  (Case No.

6   15cv626-CDP, Dkt. No. 16 (E.D. Mo.).)  While fully briefed, the Court has not yet

7   ruled on this motion.  (<u>Id.</u>)  Lastly, there is no pending motion to remand in <u>Stanturf</u>;

8   <u>Stanturf</u> was removed from state court and the district court granted Defendants'

9   unopposed motion to stay.  (Case No. 15cv7933-JAR-TJJ, Dkt. No. 20 filed 6/2/15

10  (Dist Ks.).)

11    Among the four cited cases that have been removed from state court, only two

12  cases, <u>Sabatino</u> and <u>Noble</u>, have pending motions to remand and only one case,

13  <u>Sabatino</u> raises a remand issue related to minimal diversity, the issue in this case.

14  Moreover, it is not clear whether the motion to remand in <u>Sabatino</u> and <u>Noble</u> will be

15  determined by the district court or the transferee court since no stay has been issued.

16  The Court concludes that concerns regarding uniformity, consistency, and

17  predictability does not play a role in this case.

18    Another factor district courts look at to determine whether to rule on a motion

19  to remand with a pending § 1407 transfer is whether the jurisdictional issue appears to

20  be factually or legally difficult and whether those issues have been raised in other cases

21  transferred or likely to be transferred.  <u>See</u> <u>Conroy</u>, 325 F. Supp. 2d at 1053.  In this

22  case, the issue of minimal diversity is not complex and does not involve a complicated

23  and in-depth analysis.  Only one other case, the <u>Sabatino</u> case, has raised an issue as

24  to minimal diversity.  Therefore, the Court concludes that Defendants' argument that

25  the Court defer ruling on the motion to remand in order for the transferee court to

26  address it is not persuasive.  In fact, in the interest of judicial economy and efficiency,

27  the Court will address Plaintiff's motion to remand.

28  / / / /

1 **B.     Motion to Remand**

2          Plaintiff argues the case should be remanded because Defendants have not

3 proven by a preponderance of the evidence[2] that there is minimal diversity to satisfy

4 subject matter jurisdiction.  Defendants contend that they have met their burden to

5 demonstrate minimal diversity.

6          Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*.  A state court

7 action can only be removed if it could have originally been brought in federal court.

8 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 (1987); Duncan v. Stuetzle, 76

9 F.3d 1480, 1485 (9th Cir. 1996).  Federal courts have original jurisdiction over class

10 actions where 1) any member of the plaintiff class is diverse from any defendant; 2) the

11 proposed class contains 100 or more putative class members; 3) and the amount in

12 controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs."

13 28 U.S.C. § 1332(d); Rodriguez v. AT & T Mobility Servs., LLC, 728 F.3d 975, 978

14 (9th Cir. 2013).  Plaintiff only moves on the first factor alleging that Defendants failed

15 to demonstrate minimal diversity under CAFA, that at least one Plaintiff must be

16 diverse from Defendants.  The parties do not dispute that Defendants are citizens of

17 California.

18          There is no presumption against removal jurisdiction in CAFA cases.  Dart

19 Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); see also

20 Allen v. Boeing Co., 784 F.3d 625, 633 (9th Cir. 2015) (citing Dart Cherokee Basin

21 Operating Co., 135 S. Ct. at 554).  Defendants bear the burden of establishing removal

22 jurisdiction, even in CAFA cases.  Washington v. Chimei Innolux Corp., 659 F.3d 842,

23 847 (9th Cir. 2011).  A notice of removal must contain a "short and plain statement of

24 the grounds for removal."  28 U.S.C. § 1446(a)).  This requirement tracks the pleading

25

26          [2]Plaintiff argues that Defendants must demonstrate by a preponderance of the evidence that there is minimal diversity.  Plaintiff cites to numerous cases in support;

27 however, these cases only address the preponderance of the evidence standard as it concerns the amount in controversy, not minimal diversity.  None of the cases address

28 minimal diversity.  In fact, in most of the cases, the issue of minimal diversity is not even challenged.

1    requirement in Federal Rules of Civil Procedure 8.  <u>Dart Cherokee Basin Operating</u>

2    <u>Co.</u>, 135 S. Ct. at 553.

3         Minimal diversity requires that a "member of a class of plaintiffs is a citizen of

4    a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  A person's

5    citizenship is determined by the person's state of domicile, not the state of residence.

6    <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's

7    domicile is her permanent home, where she resides with the intention to remain or to

8    which she intends to return."  <u>Id.</u> (citation omitted).  A person residing in a given state

9    is not necessarily domiciled there, and thus is not necessarily a citizen of that state.  <u>Id.</u>

10   (citing <u>Weible v. United States</u>, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is

11   physical, whereas domicile is generally a compound of physical presence plus an

12   intention to make a certain definite place one's permanent abode, though, to be sure,

13   domicile often hangs on the slender thread of intent alone, as for instance where one

14   is a wanderer over the earth. Residence is not an immutable condition of domicile.")).

15        In this case, the Complaint alleges,

16   **California Class**
     All residents of California who entered into contracts with Blue Cross
17   and/or Blue Cross Life and had their personal information
     compromised as a result of the Security Breach. Excluded are
18   Defendants and judge(s) assigned to this case.

19
     (Dkt. No. 1-2, Class Action Compl. ¶ 41.)
20
          Defendants contend that Plaintiff's use of the word "residents" does not
21
     foreclose the inclusion of non-California citizens, such as students or members of the
22
     military temporarily housed in California.  (Dkt. No. 1, Notice of Removal ¶¶ 22.)
23
     Specifically, Defendants argue they have sufficiently alleged CAFA's minimal
24
     diversity requirement because Defendant Anthem Blue Cross participates in a Blue
25
     Cross Blue Shield Association "guest member" program where Anthem Blue Cross
26
     offers memberships to insured of other Blue Plans who are temporarily residing in
27
     California.   (<u>Id.</u> ¶ 23.)  Anthem had 991 guest members in 2014 which include
28
     students, members of the military and individuals on temporary work assignments.

1   (Id.)

2       Plaintiff argues that insureds that contracted with "other Blue Plans" are not

3   contemplated in the class since the class members must have "entered into contracts

4   with Blue Cross and/or Blue Cross Life."   Therefore, the potential class does not

5   include "guest members' who purchased and contracted insurance from third parties.

6   Moreover, without legal authority, Plaintiff argues that by looking at the context of the

7   complaint, a "resident" could only mean people domiciled in California.   However,

8   such a proposition is not compelling.

9       "Under the Away From Home program, individuals who permanently live in and

10  have HMO insurance from a participating Blue Plan in another state but will be

11  temporarily living in California are eligible for Guest Membership with Anthem Blue

12  Cross."  (Dkt. No. 15-3, Aden Decl. ¶ 2.)  Anthem Blue Cross had about 991 guest

13  members which mean they have HMO insurance from a Blue Plan in another state

14  where they live permanently and who are or were residing temporarily in California.

15  (Id. ¶ 3.)  These guest members must submit an application and obtain coverage from

16  Defendant Anthem Blue Cross and receive a Anthem Blue Cross membership card.

17  (Dkt. No. 15-2 at 5.)

18      Since these guest members must submit a separate application with Anthem Blue

19  Cross to participate in the "Away From Home" program, it would appear that they

20  would fall under the class of members "who entered into contracts with Blue Cross

21  and/or Blue Cross Life."   (Dkt. No. 1-2, Class Action Compl. ¶ 41.)   Therefore,

22  Defendants have sufficiently shown that there is minimal diversity, and the Court has

23  subject matter jurisdiction over the case.

24      Alternatively, Plaintiff offers to amend the complaint to change the term

25  "residents" to "citizens" in the class description to foreclose any argument that minimal

26  diversity exists between the parties.  (Dkt. No. 8-1 at 9.)   Defendants assert that

27  Plaintiff cannot amend the complaint to destroy minimal diversity as it existed at the

28  time of removal.  (Dkt. No. 15 at 17-18.)

1      Under CAFA, "[c]itizenship of the members of the proposed plaintiff classes

2  shall be determined for purposes of paragraphs (2) through (6) as of the date of filing

3  of the complaint or amended complaint . . . indicating the existence of Federal

4  jurisdiction." 28 U.S.C. § 1332(d)(7).  Citizenship of the plaintiff class is based on the

5  complaint "as of the date the case became removable."  Mondragon v. Capital One

6  Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013).  A plaintiff cannot destroy diversity by

7  amendment after removal.  Williams v. Costco Wholesale Corp., 471 F.3d 975, 076

8  (9th Cir. 2006) (reversing district court's order of remand where case was removed on

9  federal question jurisdiction, plaintiff later amended complaint to eliminate the only

10  federal claim and to add new state law claims, and then filed a motion to remand);

11  Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213

12  (9th Cir. 1998) (plaintiff may not compel remand by amending a complaint where state

13  court complaint alleged federal cause of action that was removable but then plaintiff

14  sought to amend in federal court to drop the federal cause of action).  The Ninth Circuit

15  has interpreted Sparta as applicable only when the existence of federal question

16  jurisdiction is determined from the complaint and the plaintiff seeks to amend the

17  complaint to destroy federal jurisdiction.  Chabner v. United of Omaha Life Ins. Co.,

18  225 F.3d 1042, 1046 n. 3 (9th Cir. 2000).  However, when the initial complaint facially

19  precludes removal, courts may properly consider a timely-filed amended complaint "as

20  a clarification to the allegations bearing on the federal court's jurisdiction."  Candy v.

21  474 Club LLC, No. CV-06-400-S-EJL, 2007 WL 1381806, at *3 (D. Idaho Jan. 31,

22  2007) (citing Schuster v. Gardner, 319 F. Supp. 2d 1159, 1163-64 (S.D. Cal. 2003), and

23  Thornton v. New York Life Ins. Co., 211 F.R.D. 606, 608-09 (N.D. Cal. 2002)).

24      In a factually similar case in this district, District Judge Janis L. Sammartino

25  concluded that the Plaintiff's revision from "residents of California" to "citizens of

26  California" in an amended complaint was a clarification rather than an amendment.

27  Weight v. Active Network, Inc., 29 F. Supp. 3d 1289, 1293 (S.D. Cal. June 26, 2014).

28  The court explained that the original complaint which was filed in state court was

1   limited to "residents" of California and because it was filed in state court, which has

2   no diversity jurisdiction issue and does not require a careful distinction between

3   "residents' and "citizens", the plaintiff filed a first amended complaint to make clear

4   he only intended to sue California "citizens." Id. at 1293.  The court determined that

5   the plaintiff did not file a first amended complaint to manipulate the forum but clarify

6   a point that bears on the court's jurisdiction. Id. at 1294.

7         Similarly, in this case, the Complaint alleges claims against California based

8   Defendants, alleges only California law causes of action, and the class was intended

9   to be limited to individuals who entered into contracts with California corporations for

10  future services in California.  An amendment to change "residents" of California to

11  "citizens' of California, in this case, would constitute a clarification and not an

12  amendment.

13        The Court construes Plaintiff's offer to amend the complaint as a request for

14  leave to file an amended complaint.  Under the liberal policy permitting amendments

15  especially when it is sought early in a case, the Court exercises its discretion and

16  GRANTS Plaintiff leave to file an amended complaint. See Fed. R. Civ. P. 15(a); DCD

17  Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

18        However, based on the complaint currently before the Court, the Court DENIES

19  Plaintiff's motion to remand.

20                    **Conclusion**

21        Based on the above, the Court DENIES Plaintiff's motion to remand.  Plaintiff

22  is granted leave to file an amended complaint and must file an amended complaint

23  within three (3) days.  Once an amended complaint is filed, the Court will set an

24  expedited briefing schedule.  Since the JPML has decided to transfer the case for

25  / / / /

26  / / / /

27  / / / /

28  / / / /

1    coordinated and consolidated pretrial proceedings, the Court DENIES Defendants'

2    motion to stay as MOOT.  The hearing set for June 19, 2015 shall be **vacated.**

3         IT IS SO ORDERED.

4

5    DATED:  June 18, 2015

6                                          HON. GONZALO P. CURIEL
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28