1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

STEVE WICKENS, individually and
on behalf of others similarly situated,

CASE NO. 15cv834-GPC(JMA)

Plaintiff,

12

vs.

**ORDER REMANDING CASE TO
STATE COURT**

13
14
15

Blue Cross of California, Inc., d/b/a
Anthem Blue Cross; Anthem Blue
Cross Life and Health Insurance
Company,

16

Defendants.

17
18
19
20
21

Before the Court is an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. No. 22.) Defendants filed a response on July 2, 2015. (Dkt. No. 23.) Plaintiff filed a reply on July 10, 2015. (Dkt. No. 24.) Based on the reasoning below, the Court REMANDS the case to state court for lack of subject matter jurisdiction.

22

**Discussion**

23
24
25
26
27
28

On March 16, 2015, Plaintiff Steve Wickens ("Plaintiff") filed a class action complaint against Defendants Blue Cross of California Inc. d/b/a Anthem Blue Cross; and Anthem Blue Cross Life and Health Insurance Company in San Diego Superior Court for state law causes of action based on Defendants' failure to secure and safeguard Plaintiff's personal identifying information.

According to the complaint, on February 4, 2015, Anthem, Inc., a related entity,

announced that cyber hackers had gained unauthorized access to its information technology system exposing the name, personal information, birthday, Social Security number, health care ID number, income data, employment data, street address, email address, and other personal details of about 80 million current and former customers and employees. (Dkt. No. 1-2, Compl. ¶ 4.)  The class action complaint alleges causes of action for breach of contract, violation of the California Records Act, violation of the California unfair competition laws, negligence, invasion of privacy, public disclosure of private facts, and unjust enrichment.  (Dkt. No. 1-2, Compl.)

On April 15, 2015, Defendants removed the case to this Court under the Class Action Fairness Act, ("CAFA").  (Dkt. No. 1, Notice of Removal at 6.)  On April 24, 2015, the case was transferred to the undersigned judge pursuant to the low number rule.  See Local Civ. R. 40.1.  (Dkt. No. 7.)  On May 5, 2015, Plaintiff filed a motion to remand.  (Dkt. No. 8.)  On May 7, 2015, Defendants filed a motion to stay, or in the alternative, for an extension of time to respond pending ruling on transfer motion pursuant to 28 U.S.C. § 1407.[1]  (Dkt. No. 11.)

On June 18, 2015, the Court denied Plaintiff's motion to remand and granted Plaintiff leave to file an amended complaint, and denied Defendants' motion to stay as moot.[2]  (Dkt. No. 20.)  The Court concluded that while Defendants demonstrated that there was minimal diversity to support CAFA jurisdiction because Plaintiff alleged "residents" of California in the class description, the Court granted Plaintiff leave to

---

[1] 28 U.S.C. § 1407 provides in relevant parts, "(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407.

[2] During the pendency of the motions, on June 8, 2015, the United States Judicial Panel on Multidistrict Litigation ("JPML") in the case of In Re: Anthem, Inc. Customer Data Security Breach Litigation transferred 16 cases to the United States District Court for the Northern District of California and assigned the case to District Judge Luch H. Koh for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  (MDL Case No. 2617, Dkt. No. 262.)

1   amend the complaint to change the term "residents" of California to "citizens" of
2   California in the class description.  (Id. at 9.)  While citizenship of the plaintiff class
3   is determined on the date the case became removable, the Court concluded that the
4   change from "resident" to "citizens" of California constituted a clarification and not an
5   amendment.  (Id. at 11.)

6       On June 19, 2015, Plaintiff filed an amended complaint changing the term
7   "residents" to "citizens" in the class description.  (Dkt. No. 21.)  On June 22, 2015, the
8   Court set an order to show cause hearing why the case should not be remanded for lack
9   of subject matter jurisdiction.  (Dkt. No. 22.)  Defendants present two arguments in
10  response.

11  **A.    Complete Preemption**

12      First, Defendants argue the Court has subject matter jurisdiction because the
13  breach of contract claim is completely preempted by the exclusive civil enforcement
14  provisions of the Employee Retirement Income Security Act ("ERISA") because
15  Plaintiff is insured under an ERISA plan.  Plaintiff opposes arguing that Defendants'
16  new allegation of federal question is untimely and not proper.  Moreover, even if the
17  Court considered the preemption argument, it is without merit since the claims assert
18  an independent legal duty irrespective of the ERISA plan.

19      **1.    Timeliness of New Allegation**

20      The Ninth Circuit has held that a defendant must state the basis for removal
21  jurisdiction in the petition for removal which must be filed within thirty days of
22  receiving the complaint. O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th
23  Cir. 1988) (citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir.
24  1969) (denying leave to amend the removal petition because a removal petition cannot
25  be thereafter amended to allege substantial changes and can only be amended to clarify
26  "'defective allegations' of jurisdiction previously made")).

27      Here, the notice of removal was timely filed on April 15, 2015.  (Dkt. No. 1,
28  Notice of Removal ¶¶ 9-10.)  Defendants removed the action under CAFA.  (Id. ¶ 14.)

1   Defendants now raise a new argument not raised in the notice of removal that the Court

2   has subject matter jurisdiction under ERISA.  Based on the cases cited, Defendants

3   cannot now raise a new basis for the Court's federal jurisdiction.  Defendants'

4   argument as to ERISA preemption is without merit.

5               **2.    Merits of Complete Preemption**

6       Even if the Court were to consider Defendants' preemption argument, it still

7   does not demonstrate that the Court has subject matter jurisdiction.  Defendants argue

8   that the express and implied breach of contract claim are completely preempted[3] by

9   ERISA as the claim seeks to enforce rights under an ERISA plan.  Plaintiff contends

10  that his claims assert generally that when an entity acquires private personal

11  information of an individual, it has a duty to safeguard that information.

12      § 502(a)(1)(B) of ERISA provides:

13      A civil action may be brought—(1) by a participant or beneficiary—.
        . . (B) to recover benefits due to him under the terms of his plan, to
14      enforce his rights under the terms of the plan, or to clarify his rights to
        future benefits under the terms of the plan.
15

16  29 U.S.C. § 1132(a)(1)(B).  ERISA's preemption clause states that ERISA "shall

17  supersede any and all State laws insofar as they may now or hereafter relate to any

18  employee benefit plan . . . ." 29 U.S.C. § 1144(a).    The purpose of ERISA is to provide

19  a uniform regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila,

20  542 U.S. 200, 208 (2004)

21      The Ninth Circuit has adopted the two-prong "complete preemption" test

22  asserted in Davila.  Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d

23  941, 946 (9th Cir. 2009).  "Under Davila, a state-law cause of action is completely

24  preempted if (1) 'an individual, at some point in time, could have brought [the] claim

25

26      [3]Defendants do not affirmatively assert they are arguing complete preemption
    but because they cite to Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004), the
27  Court assumes they are asserting complete preemption as opposed to conflict
    preemption. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941,
28  944-45 (9th Cir. 2009) (noting a clear difference and different jurisdictional
    consequences that result between the two kinds of preemption).

under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Id. (quoting Davila, 542 U.S. at 210.)  A state law cause of action is preempted by § 1132(a)(1)(B) only if both prongs of the test are satisfied.  Id. at 947.

While Defendants cite to Davila, they do not address the two prong test. Plaintiff addresses the two prong test although the argument on the first prong does not address the issue of whether Plaintiff could have brought the claim under § 502(a)(1)(B).  Because the Court concludes that the second prong has not been met, it does not need to address the first prong.  See Marin Gen. Hosp., 581 F.3d at 947 (since two prong test is in the conjunctive, both prongs need to be satisfied).

As to the second prong, Plaintiff asserts that his claims generally assert "that an entity that acquires private personal information of an individual, as part of the entity's business, has a duty to safeguard that information.  This obligation exists regardless of whether an ERISA plan exists." (Dkt. No. 24 at 12.)  Therefore, he asserts a legal obligation exists independent of the ERISA plan.  The Court agrees.

Plaintiff received his health insurance through Blue Cross and Blue Cross Life, (Dkt. No. 21, FAC ¶ 1), and the parties do not dispute it is an ERISA plan.  Plaintiff asserts an express and implied breach of contract claim.  (Dkt. No. 21, FAC ¶¶ 51-56.) Although the breach of an express contract cause of action references the health insurance plan provided by Defendants, it does not provide any provisions of the contract that was breached.  A careful look at Plaintiff's claim reveals that it does not relate to benefits under the plan and does not require an interpretation of the contract for purposes of benefits.  See Davila, 542 U.S. at 213.

"No independent legal duty exists where interpretation of the terms of the ERISA-regulated benefits plan forms an essential part of the claim and where the defendant's liability exists only due to its administration of the ERISA-regulated plan." Nielson v. Unum Life Ins. Co. of Amer., 58 F. Supp. 3d 1152, 1162 (W.D. Wash. 2014) (quoting Davila, 542 U.S. at 213); Marin Gen. Hosp., 581 F.3d at 950 ("Since the

state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of Davila.").

§ 502(a) allows a party to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Here, Plaintiff does not seek recovery regarding benefits under the plan.  As to enforcing his rights under the plan, Plaintiff does not allege any express provisions of the plan that were breached.  Lastly, Plaintiff does not seek to clarify his rights to future benefits under the plan.  Plaintiff's breach of contract claim is not based on the interpretation of the plan for benefits but based on an independent duty of an entity to protect the personal information of individuals if such information is required to be provided to the entity.

As stated by Plaintiff, the essence of the first amended complaint concerns the obligation of Defendants to protect confidential and sensitive personal information when such information is provided to Defendants upon enrolling in a plan.  This is an independent legal duty that would exist with or without the ERISA plan.  See Marin Gen. Hosp., 581 F.3d at 950.  Accordingly, the Court concludes that since the second prong has not been met, there is no complete preemption by ERISA.  Therefore, Defendants' argument on complete preemption fails.

**B.     Amendment to the Complaint**

Second, Defendants argue that the Court's prior ruling allowing Plaintiff to amend the complaint based on Weight v. Active Network, Inc., 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014)[4], is not consistent with subsequent Ninth Circuit authority.  They argue that federal jurisdiction is **only** determined at the time of removal and nothing filed afterwards affects jurisdiction.  They also argue that Weight was based on the

[4]In Weight, District Judge Janis L. Sammartino concluded that the Plaintiff's revision from "residents of California" to "citizens of California" in an amended complaint was a clarification rather than an amendment.  Weight v. Active Network, Inc., 29 F. Supp. 3d 1289, 1293 (S.D. Cal. June 26, 2014).

1    Ninth Circuit's former rule that there is a strict presumption against removal.  Plaintiff

2    opposes.

3         Defendants cite to Doyle v. OneWestBank, FSB, 764 F.3d 1097, 1098 (9th Cir.

4    2014), a case decided after Weight, in support but that case only addresses a general

5    proposition and does not address any of the issues in this case.  In Doyle, after all

6    parties agreed to sever one plaintiff's claim and transfer them to another court, the

7    remaining plaintiff was directed by the court to file a second amended complaint to

8    reflect the severance.  Id.  Then, the remaining plaintiff moved to remand the case to

9    state court under one of the exceptions to CAFA.  Id.  The district court granted the

10   motion to remand based on the allegations of citizenship alleged in the second amended

11   complaint.  Id.  The Ninth Circuit held that the district court's determination of citizen

12   based on the second amended complaint, filed after the action had been removed, was

13   error.  Id.  The Ninth Circuit vacated and remanded the district court's order remanding

14   the case to state court to allow the court to determine whether, considering the plaintiff

15   class as pleaded at the time of removal, any of the exceptions to CAFA applies.  Id.

16   Doyle did not address any amendment or clarification by Plaintiff to support federal

17   jurisdiction or an exception to the rule that jurisdiction is determined at the time of

18   removal.

19        Contrary to Defendants' assertion that there is an absolute ban on looking at

20   post-removal filings or events to determine jurisdiction, the Ninth Circuit held recently

21   that a party is allowed to amend the complaint in order to clarify certain jurisdictional

22   facts related to the "local controversy" exception to CAFA.  See Benko v. Quality Loan

23   Serv. Corp., –F.3d –, 2015 WL 3772885 (9th Cir. 2015) ("Where a defendant removes

24   a case to federal court under CAFA, and the plaintiffs amend the complaint to explain

25   the nature of the action for purposes of our jurisdictional analysis [local controversy

26   exception], we may consider the amended complaint to determine whether remand to

27   the state court is appropriate.").  While the Ninth Circuit has not specifically addressed

28   clarification or amendment to facts supporting minimal diversity post-removal, it has

1    allowed post-removal amendments to clarify jurisdictional issues.

2        In addition, Defendants argue that <u>Weight</u> is not consistent with <u>Dart Cherokee</u>

3    <u>Operation Co. LLC v. Owens</u>, 135 S. Ct. 547, 554 (2014) where the Supreme Court

4    held that there is no longer a strong presumption against removal jurisdiction in CAFA

5    cases.   Defendants argue that since <u>Weight</u> stated the pre-<u>Dart Cherokee</u> rule on

6    presumption, then necessarily the court's ultimate conclusion fails.   The Court

7    disagrees.  Despite the change in presumption under <u>Dart Cherokee</u> for CAFA cases,

8    the presumption does not appear to have been a key factor in the ruling in <u>Weight</u>.

9        The Court reiterates its conclusion that the change from "residents" to "citizens"

10   of California in the class description is a clarification of the Court's jurisdiction and

11   can be the basis to amend the complaint especially in this case where the Complaint

12   alleges claims against California based Defendants, alleges only California law causes

13   of action, and the class was intended to be limited to individuals who entered into

14   contracts with California corporations for future services in California.  This is even

15   acknowledged by Defendants in the Notice of Removal.  (Dkt. No. 1, Notice of

16   Removal ¶ 17 ("Apparently seeking to avoid this Court's jurisdiction, the Complaint

17   does not name Anthem as a defendant.")  Accordingly, Defendants' argument does not

18   compel the Court to alter its prior ruling.

19                                    **Conclusion**

20        Based on the above, the Court REMANDS the case to state court for lack of

21   subject matter jurisdiction.  The hearing date set for July 17, 2015 shall be **vacated**.

22   The Clerk of Court shall close the case.

23        IT IS SO ORDERED.

24

25   DATED:  July 14, 2015

26

27                                    HON. GONZALO P. CURIEL
                                      United States District Judge
28

                                      - 8 -                        [15cv834-GPC(JMA)]